KAREN MATTESON (Cal. Bar No. 102103)
Email: mattesonk@sec.gov
CAROL W. LALLY (Cal. Bar No. 226392)
Email: lallyc@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Lorraine Echavarria, Associate Regional Director
John W. Berry, Regional Trial Counsel
444 South Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JUSTIN MOONGYU LEE; REBECCA TAEWON LEE; THOMAS EDWARD KENT; AMERICAN IMMIGRANT INVESTMENT FUND I, LLC; BIOFUEL VENTURE IV, LLC; BIOFUEL VENTURE V, LLC; NEXLAND, INC., dba NEXLAND INVESTMENT GROUP; and NEXSUN ETHANOL, LLC,<br><br>　　　　　Defendants. | Case No. 2:14-cv-06865 RGK (Ex)<br><br>**REQUEST BY PLAINTIFF SECURITIES AND EXCHANGE COMMISSION FOR CLERK TO ENTER DEFAULT PURSUANT TO FED. R. CIV. P. 55(a) AS TO DEFENDANT JUSTIN MOONGYU LEE; DECLARATION OF KAREN MATTESON AND EXHIBITS** |

Plaintiff Securities and Exchange Commission ("SEC") requests that the Clerk enter a default, pursuant to Fed. R. Civ. P. 55(a), as to Defendant Justin Moongyu Lee, who was served in the Republic of Korea pursuant to the Hague Convention on May 11, 2015, set forth in the appended Declaration of Karen Matteson ("Matteson Dec.") and the accompanying Declaration by translator Phyllis Kim.

Fed. R. Civ. P. 4(f) provides, in relevant part:

> **Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
>
> **(1)** By any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. . . .

During the pendency of this action, Defendant Justin Moongyu Lee ("J. Lee") has been incarcerated in the Republic of Korea, a signer of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). Accordingly, Plaintiff SEC sought service on J. Lee pursuant to the Hague Convention of the following documents filed in this action:

1. Summons (Dkt. No. 5);
2. Complaint (Dkt. No. 1);
3. Notice of Assignment to U.S. Judges (Dkt. No. 4);
4. Standing Order Re Newly Assigned Cases (Dkt. No. 6);
5. SEC Notice of Change of Address (Dkt. No. 8);
6. Default by Clerk of Entity Defendants (Dkt. No. 23).

Copies of each of these documents, together with the required translation of each document into Korean, were transmitted by the SEC to the Korean Central Authority on April 1, 2015. (Matteson Dec. ¶ 4.) On June 16, 2015, the undersigned SEC counsel received in the mail copies of the documents served, together with three

pages of additional documentation written mostly in Korean, appearing to evidence that the documents were served on May 11, 2015. (*Id.* ¶ 5.) The SEC obtained a translation of the additional pages it received, which additional pages and translation confirming service on J. Lee on May 11, 2015, are appended to the accompanying Declaration of Phyllis Kim, a Certified Korean-English Interpreter with the Judicial Council of California. (*See id.*)

Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Defendant J. Lee was required to serve an answer within 21 days of being served with the Summons and Complaint, or no later than June 1, 2015. No answer has been filed or served by Defendant J. Lee. (Matteson Dec. ¶ 6.)

Because Defendant J. Lee has been served, and has not filed or served an answer, Plaintiff SEC requests that the Clerk enter a default as to Defendant J. Lee pursuant to Fed. R. Civ. P. 55(a).

Dated: June 24, 2015                              Respectfully submitted,

/s/Karen Matteson
Karen Matteson
Attorney for Plaintiff
Securities and Exchange Commission

## DECLARATION OF KAREN MATTESON

I, Karen Matteson, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney representing Plaintiff Securities and Exchange Commission in this action. I have personal knowledge of the following facts and would testify competently thereto.

2. Plaintiff SEC filed this action on September 3, 2014. During the pendency of this action, Defendant Justin Moongyu Lee ("J. Lee") has been incarcerated in the Republic of Korea, which is a signer of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). Accordingly, the SEC determined that it was appropriate to serve J. lee pursuant to the Hague Convention.

3. I was advised by the SEC's Office of International Affairs ("OIA") that to effectuate Hague Convention service in the Republic of Korea, all documents to be served were required to be translated into Korean. Accordingly, I obtained translations of the following documents, and completed and signed a Department of Justice form Request for Service Abroad of Judicial or Extrajudicial Documents, of which I also obtained a translation into Korean:

   1. Summons (Dkt. No. 5);
   2. Complaint (Dkt. No. 1);
   3. Notice of Assignment to U.S. Judges (Dkt. No. 4);
   4. Standing Order Re Newly Assigned Cases (Dkt. No. 6);
   5. SEC Notice of Change of Address (Dkt. No. 8);
   6. Default by Clerk of Entity Defendants (Dkt. No. 23).

I transmitted the Form, the documents to be served, and the translations thereof to the SEC's OIA.

4. On April 1, 2015, the SEC's OIA transmitted for service on J. Lee pursuant to the Hague Convention the Service Request form I had prepared and signed, together with the documents I requested be served on J. Lee, and the

translations of the Service Request form and documents to be served, to the National Court Administration for the Republic of Korea, which I understand to be that country's Central Authority under the Hague Convention. Attached as Exhibit 1 is a true and correct copy of the OIA cover letter, together with the Service Request form I had prepared and signed, the documents to be served, and Korean translations of the Service Request form and documents to be served, which the SEC transmitted to the Central Authority for the Republic of Korea for service on J. Lee.

5. On June 16, 2015, I received in the mail from the National Court Administration of the Republic of Korea, copies of all of the documents included in Exhibit 1, together with three additional cover pages, written primarily in Korean, which appeared to indicate that J. Lee was served on May 11, 2015. I obtained an English translation of those three pages. True and correct copies of the three additional pages I received are attached as Exhibit 1 to the accompanying Declaration of Phyllis Kim; her translations are attached to that Declaration as Exhibit 2, as she declares. Those documents confirm that Defendant Justin Moongyu Lee, identified as "Moon Kyu Lee" was served on May 11, 2015.

6. Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Defendant J. Lee was required to serve an answer within 21 days of being served with the Summons and Complaint, or no later than June 1, 2015. No answer has been filed or served on Plaintiff SEC by Defendant J. Lee.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Los Angeles, California on June 24, 2015.

/s/Karen Matteson
Karen Matteson

# **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action.  My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION,
444 South Flower Street, Suite 900, Los Angeles, CA 90071.
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On June 24, 2015, I caused to be served the document entitled **REQUEST BY PLAINTIFF SECURITIES AND EXCHANGE COMMISSION FOR CLERK TO ENTER DEFAULT PURSUANT TO FED. R. CIV. P. 55(a) AS TO DEFENDANT JUSTIN MOONGYU LEE; DECLARATION OF KAREN MATTESON AND EXHIBITS** on the parties who have appeared in this action addressed as stated on the attached service list:

[X]   OFFICE MAIL:  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]   HAND DELIVERY:  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]   UNITED PARCEL SERVICE:  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[ ]   ELECTRONIC MAIL:  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]   E-FILING:  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   FAX:  By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: June 24, 2015            /s/Karen Matteson
                               Karen Matteson

*SEC v. JUSTIN MOONGYU LEE, et al.*
**United States District Court – Central District of California**
**Case No. 2:14-cv-06865 RGK (Ex)**
**LA-4195**

### SERVICE LIST

Thomas J. Ryu, Esq. (***by ECF only***)
Ryu Law Firm APC
3435 Wilshire Boulevard, Suite 2050
Los Angeles, CA 90010
Email: tryu@ryufirm.com
***Attorneys for Defendant Rebecca Taewon Lee***

Jacob Shahbaz, Esq. (***by U.S. Mail only***)
Shahbaz Law Group APC
15760 Ventura Blvd., Suite 850
Encino, CA 91436
Email: jacob@shahbazlaw.com
***Attorneys for Defendant Thomas Edward Kent***