UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN MOONGYU LEE; REBECCA TAEWON LEE; THOMAS EDWARD KENT; AMERICAN IMMIGRANT INVESTMENT FUND I, LLC; BIOFUEL VENTURE IV, LLC; BIOFUEL VENTURE V, LLC; NEXLAND, INC., dba NEXLAND INVESTMENT GROUP; and NEXSUN ETHANOL, LLC,<br><br>Defendants. | Case No. 2:14-cv-06865 RGK (Ex)<br><br>[PROPOSED] FINAL JUDGMENT BY DEFAULT AS TO DEFENDANTS JUSTIN MOONGYU LEE; AMERICAN IMMIGRANT INVESTMENT FUND I, LLC; BIOFUEL VENTURE IV, LLC; BIOFUEL VENTURE V, LLC; NEXLAND, INC., DBA NEXLAND INVESTMENT GROUP; AND NEXSUN ETHANOL, LLC |

The Securities and Exchange Commission ("SEC") having filed a Complaint, and having served copies of the Summons and Complaint upon Defendants Justin Moongyu Lee ("J. Lee"); and Defendants American Immigrant Investment Fund I, LLC; Biofuel Venture IV, LLC; Biofuel Venture V, LLC; Nexland, Inc., dba Nexland Investment Group; and Nexsun Ethanol, LLC (collectively, the "Entity Defendants"); the Clerk having entered defaults pursuant to Fed. R. Civ. P. 55(a) against the Entity Defendants (Dkt. No. 23), and Defendant J. Lee (Dkt. No. 34), for failure to answer or otherwise respond to the Complaint; and the Court, having considered all of the evidence and arguments presented with regard to the motion by Plaintiff SEC pursuant to Fed. R. Civ. P. 55(b)(2) for entry of default judgment against the Defendants, and having granted the SEC's motion:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant J. Lee and the Entity Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal

service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant J. Lee and the Entity Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant J. Lee and the Entity Defendants are liable, jointly and severally, for disgorgement of $7,210,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of

$1,052,403.73, for a total of $8,262,403.73.  Defendants shall satisfy this obligation by paying $8,262,403.73 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.  Defendants may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying the paying defendant by name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.  Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action.  By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.  The SEC shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the SEC staff determines that the Fund will not be distributed, the SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.  The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendants shall pay post judgment interest

on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant J. Lee shall pay a civil penalty in the amount of $150,000 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant J. Lee shall make this payment within 14 days after entry of this Final Judgment. Defendant J. Lee may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant J. Lee may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Justin Moongyu Lee as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Defendant J. Lee shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendant J. Lee relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant J. Lee. The SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant J. Lee shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

///

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**VI.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: **OCT 2 8 2015**

*Gary Klausner*
HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE